1  BARRY J. PORTMAN
   Federal Public Defender
2  RONALD C. TYLER
   Assistant Federal Public Defender
3  450 Golden Gate Avenue
   San Francisco, CA 94102
4  Telephone: (415) 436-7700

5  Counsel for Defendant Weiyan

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　 )<br>　　　　Plaintiff, 　　　　　　　　 )<br>　　　　　　　　　　　　　　 )<br>vs. 　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　 )<br>HONG WEIYAN, 　　　　　　　 )<br>　　　　　　　　　　　　　　 )<br>　　　　Defendant. 　　　　　　　 )<br>　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　 ) | No. CR 08-0516 MMC<br><br>DEFENDANT HONG WEIYAN'S SUBMISSION REGARDING BASIS FOR SENTENCING WITHOUT PRESENTENCE REPORT |

　　　Hong Weiyan will appear before the Court on September 3, 2008 in order to change her plea. She hereby requests that the Court dispense with a presentence report and sentence her on that same date. The United States does not oppose that request.

　　　Under Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), the Court may impose a sentence without the use of a presentence report if: "the court finds that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553 and the court explains this finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii). Ms. Weiyan presents the following facts to aid the Court in the meaningful exercise of its sentencing authority.

//

//

**Charges and Offense Conduct**[1]

Ms. Wieyan made her initial appearance in federal court on June 5, 2008. On August 4, 2008, she was arraigned on a one-count information charging alien smuggling, in violation of Title 8 U.S.C. § 1324(a)1)(A)(iv).

On June 2, 2008, Customs officers performed passport checks and secondary inspections on several Asian women arriving at San Francisco International Airport from Tokyo, Japan. Subsequent investigation revealed that two of the women were Chinese nationals traveling on false Singaporean passports.

Ms. Weiyan was not traveling on a false passport, however, after waiving her Miranda rights, she admitted that she had facilitated the entry of the two Chinese women into the United States. Specifically, she admitted that she had been recruited by someone in Singapore months earlier. She admitted that, on June 2, 2008, she received two boarding passes at an airport in Singapore. She delivered the boarding passes to her recruiter in Tokyo, later that same day. She further admitted seeing the above-mentioned two Chinese nationals seated next to her recruiter at that time. The U.S. Customs officials seized the boarding passes in question from the Chinese nationals during secondary inspection. Had Ms. Weiyan been successful in her illegal venture, she was to have received $1,000 Singaporean upon her return home. (According to the statement attributed to her, she had received that sum for participating in a similar scheme in December, 2007).

**Criminal History**

Defense counsel believes that Ms. Weiyan has no prior criminal convictions and no evidence to the contrary has been presented by the United States.

//

//

---

[1] Unless otherwise indicated, the offense conduct is based on materials provided in discovery which defense counsel believes are not in dispute.

Deft Hong Weiyan's Submission re:
Sentencing                                                                  -2-

**Personal and Family Data**[2]

Hong Weiyan is a twenty-eight-year-old woman born on July 11, 1980 in Singapore. Her mother, sister and brother all live in Singapore. She has resided in Singapore for her entire life.

Education

Ms. Weiyan completed primary school but did not attend high school.

Employment

Ms. Weiyan's most recent employment has been as a rice seller. Her previous job was as a restaurant cashier.

**Plea Agreement**

There is a written plea agreement. Under the agreement, Ms. violation of Title 18 U.S.C. § 1028(a)(4). The parties will agree to application of the advisory United States Sentencing Guidelines as follows:

1) a base offense level of 12 under U.S.S.G. § 2L1.1

2) a final offense level of 10, assuming a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

3) a Criminal History Category of One, with a resulting advisory sentencing range of six to twelve months.

**Requested Punishment**

Under the terms of the plea agreement, Ms. Weiyan may request a sentence of twelve months and one day in prison. The United States is free to request a sentence of twelve months.

---

[2]Counsel avers on information and belief that the following biographical information regarding Hong Weiyan is true and correct.

**CONCLUSION**

Based on the foregoing, Hong Weiyan requests that the Court sentence her on September 3, 2008, without reference to a Pre-sentence Report.

Dated: September 2, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender


RONALD C. TYLER
Assistant Federal Public Defender